# IN THE UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF ILLINOIS

|  |  |  |
|---|---|---|
| JAMES MORGAN, | ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | Case No: 17-cv-2838 |
| AUTOZONE PARTS, INC., | ) ) | Magistrate Judge Susan E. Cox |
| Defendant. | ) ) | |

## MEMORANDUM OPINION AND ORDER

For the reasons discussed below, the Motion to Dismiss filed by Defendant Autozone Parts, Inc. ("Defendant" or "Auto Zone") (Dkt. 20) is granted. Plaintiff's Amended Complaint is dismissed with prejudice.

## BACKGROUND

Plaintiff James Morgan ("Plaintiff"), proceeding *pro se*, filed a complaint on June 2, 2017, alleging violations of Title III of the Americans with Disabilities Act ("ADA"). [Dkt. 7.] Plaintiff alleges that he was a customer at the Auto Zone retail store located at 8127 South Cottage Grove Avenue in Chicago when another customer "came storming into the store and came right up the counter" complaining that her coat had been burned by battery acid that was on the counter. [Dkt. 7.] Plaintiff was leaning on the counter that allegedly had the battery acid on it at the time. [Dkt. 7.] Plaintiff and the other customer were told to go wash their hands in the back of the store by an Auto Zone employee, and Plaintiff then finished his transaction at the store. [Dkt. 7.]

Later that day, Plaintiff alleges that he began feeling "a warm and wet sensation and then realized that battery acid had burned through [his] shirt and [his] ostomy bag." [Dkt. 7.] His

skin developed blisters and began to burn, and he was unable to put on another ostomy bag. [Dkt. 7.] Plaintiff contacted Auto Zone while he was at the emergency room at South Shore Hospital, and was told that Auto Zone would review the video tape of the incident and call him back if they were liable. [Dkt. 7.] A few days later, Plaintiff received a call from an Auto Zone claims adjuster named Liz Ragsdale ("Ragsdale"), who took a recorded statement from Plaintiff. [Dkt. 7.] Plaintiff explained to Ragsdale that he was an ostomy bag patient and that the battery acid had affected his skin, at which point Ragsdale allegedly "cut off the whole conversation" and told Plaintiff she would "get back to" him. [Dkt. 7.]

On March 7, Ragsdale sent Plaintiff a letter denying any negligence on the part of Auto Zone. According to Plaintiff, "[i]t was the fact that I was disabled that made Ms. Liz Ragsdale discriminate against me, a certified disabled man." [Dkt. 7.] It is difficult to discern, but it appears that Plaintiff is claiming discrimination because his conversation with Ragsdale was going well and she "even [gave him] the claim number" for his complaint, before she was told he had a disability, at which point she cut off the conversation and eventually denied his claim. [Dkt. 7.] Plaintiff believes that this is suspicious because he was told by Auto Zone when he contacted them "that [he] would NOT EVEN get a call unless there was some liability on [Auto Zone's] part." [Dkt. 7 (emphasis in original).] Plaintiff alleges that this is a violation of Title III of the ADA, and seeks $50,000.00 in monetary damages. [Dkt. 7.]

Defendant filed a motion to dismiss Plaintiff's complaint, pursuant to Federal Rules of Procedure 12(b)(1) – arguing that Plaintiff lacked standing to bring his claim – and 12(b)(6) – asserting that Plaintiff had failed to adequately plead a cause of action under Title III of the ADA. [Dkt. 20.] While that motion was pending, the parties executed a joint consent to this Court's jurisdiction. [Dkt. 25.] The Court then set a briefing schedule for the motion to dismiss.

2

[Dkt. 30.] Plaintiff did not file a brief in opposition to the motion, and Defendant filed a reply brief. The motion is now fully briefed and ripe for disposition.

## DISCUSSION

Defendant has moved to dismiss for failure to state a claim upon which relief can be granted pursuant to Federal Rule of Civil Procedure 12(b)(6). In ruling on a motion pursuant to Rule 12(b)(6) the Court must treat the allegations in the complaint as true and give the Plaintiff the benefit of any reasonable and favorable inferences from those allegations. *Anicich v. Home Depot U.S.A., Inc.*, 852 F.3d 643, 646 (7th Cir. 2017.) Title III of the ADA provides a remedy to a person "who is being subjected to discrimination on the basis of disability or who has reasonable grounds for believing such person is about to be subjected to discrimination" in places of "public accommodation." 42 U.S.C. §§ 12182(a), 12188(a)(1). Courts in this circuit have held that Title III does not apply to past events, and that compensatory damages are not available to private parties. *Ruffin v. Rockford Memorial Hosp.*, 181 Fed. Appx. 582, 585 (7th Cir. 2006); *Goldberg v. Chicago School for Piano Technology, NFP*, 2015 WL 468792, at *4 (N.D. Ill. Feb. 3, 2015). Instead, plaintiffs seeking relief under Title III may only request injunctive relief for current or imminent discrimination. *Goldberg*, 2015 WL 468792, at *4.

Here, Plaintiff only seeks redress for a past wrong, and has asked for $50,000 in compensatory damages, not any injunctive relief. Plaintiff's does not state a cognizable claim under Title III of the ADA, and his claim must be dismissed.[1] Moreover, because Plaintiff failed to respond to the arguments raised in Defendant's motion, and Plaintiff's allegations could never form the factual basis of a Title III, the claims is dismissed with prejudice. *See Garza v.*

---

[1] Although Defendant presented these arguments pursuant to Rule 12(b)(1), the Court does not believe these issues are properly framed as jurisdictional and are more appropriately handled through the lens of Rule 12(b)(6). *See Goldberg*, 2015 WL 468792, at *4 ("Although the question is not one of subject-matter jurisdiction, defendants are correct that private individuals seeking to enforce Title III can ask the court for injunctive relief only").

*Cervantes*, 2015 WL 468748, at *2 (N.D. Ill. Feb. 3, 2015).  Defendant's motion to dismiss is granted.

## **CONCLUSION**

For the reasons discussed herein, the Motion to Dismiss filed by Defendant Autozone Parts, Inc. ("Defendant" or "Auto Zone") (Dkt. 20) is granted.  Plaintiff's Amended Complaint is dismissed with prejudice.

**ENTERED:**

Date:  December 12, 2017

_____
U.S. Magistrate Judge, Susan E. Cox